a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CECIL MCDONALD DAVIS, Plaintiff | CIVIL ACTION NO. 1:17-CV-883-P |
| VERSUS | JUDGE DEE D. DRELL |
| DR. JOEL ALEXADRE, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Cecil McDonald Davis ("Davis") filed suit pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics.[1]  Davis is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner").  Davis complains he was denied adequate medical care while incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock").  He names as defendant Dr. Joel Alexandre, who treated Davis at USP-Pollock.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

## I.    Background

Davis alleges he injured his right quadriceps muscle in 2013, while incarcerated at USP-Pollock.  According to Davis, he needed emergency surgery to repair a tendon tear, which should have been performed within three to five days of the injury.  However, Davis was not cleared for emergency surgery by Dr. Alexandre until four to five weeks later.  (Doc. 17, p. 5).  Davis alleges that, by the time he was cleared for surgery, it was too late to perform the repair.  Davis claims he suffered permanent injury from the delay in care.  (Doc. 17, p. 3).

According to his exhibits, Davis was examined on September 29, 2013, and swelling was noted in the right knee.  (Doc. 17-2, p. 11).  Davis was issued crutches and prescribed ibuprofen.  (Doc. 17-2, p. 11).  An x-ray was taken on September 30, 2013, with negative findings, except for mild degenerative joint disease.  (Doc. 17-2, p. 11).  On October 28, 2013, Davis was evaluated by an orthopedic surgeon, who recommended an MRI.  The MRI indicated a quadriceps tendon tear.  (Doc. 17-2, p. 11).  The surgeon recommended physical therapy, which Davis began on December 24, 2013.  (Doc. 17-2, p. 11).  Davis was discharged from "chronic care" on August 13, 2014, and his last physical therapy appointment was August 20, 2014.  (Doc. 17-1, p. 16).

Davis filed a request for administrative remedy on June 11, 2014, which was denied on November 19, 2014.  (Doc. 17-1, p. 2).  Davis appealed the Warden's response to the regional director, who also denied Davis's claim.  (Doc. 17-2, pp. 11-12).  Davis appealed to the central office.  In denying the appeal on July 12, 2016,

the administrator noted that Davis made no complaints of leg pain since his last physical therapy session on August 20, 2014.  (Doc. 17-1, p. 16).

## II.    Law and Analysis

### A.    Davis's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Davis is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, Davis's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, Davis's complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B.    Davis cannot show deliberate indifference to serious medical needs.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious

3

medical needs of prisoners.  See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976).  Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted).  An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).  A disagreement with the course of treatment does not state a claim of deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Davis's allegations and exhibits do not reveal a deprivation of medical care.  Davis indicates he suffered an injury to his right quadriceps on September 29, 2013. (Doc. 17-1, p. 2).  He was examined the day of his injury, and received an x-ray the following day.  (Doc. 17-1, p. 11).  Davis was evaluated by an orthopedic surgeon within one month of the injury, and an MRI was conducted two days after the orthopedic evaluation.  (Doc. 17-1, p. 11).  The orthopedic surgeon recommended physical therapy.  (Doc. 17-1, p. 11).  To the extent that Davis disagrees with the opinion of the orthopedic surgeon or other physician, his claim fails.  See Banuelos, 41 F.3d at 235; Varnado, 920 F.2d at 321.  Additionally, Davis has not alleged that Dr. Alexandre refused to treat him, ignored his complaints, or intentionally treated him incorrectly.

4

Moreover, to state a claim for a delay in medical care, the plaintiff must allege deliberate indifference that results in substantial harm.  In addition to failing to allege deliberate indifference, Davis has not alleged substantial harm.  Davis was discharged from "chronic care" on August 13, 2014.  Davis made no complaints of pain or other issues related to his injury from the date of his last physical therapy appointment of August 20, 2014, through the date of his final administrative denial on July 12, 2016.  (Doc. 17-1, pp. 16-17).

To the extent that Dr. Alexandre was negligent, Davis fails to state a claim, as unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference.  See Gobert, 463 F.3d at 346.

## III.    Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Davis's complaint be **DENIED** and **DISMISSED** with prejudice under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this ___11th___ day of December, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge

6