UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CECIL MCDONALD DAVIS, Plaintiff | CIVIL ACTION NO. 1:17-CV-883-P |
| VERSUS | JUDGE JAMES T. TRIMBLE JR. |
| DR. JOEL ALEXADRE, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Pro se Plaintiff Cecil McDonald Davis ("Davis") filed suit pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics.[1]  Davis is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner").  Davis complains he was denied adequate medical care while incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-P").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Davis's complaint was originally filed in the United States District Court for the Eastern District of North Carolina against the United States of America, the

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

BOP, Warden Carvajal, Warden Sanders, Dr. Ernesto Gapasin, and Dr. Joel Alexandre. (Doc. 1). The case was transferred to the Western District of Missouri. (Doc. 4).

In a superseding complaint, Davis only named and presented allegations against Dr. Alexandre at USP-P. Therefore, the Western District of Missouri issued an order in which it "severed and dismissed" all defendants from the suit other than Dr. Alexandre, and transferred the claim against Dr. Alexandre to this Court. (Doc. 12).

After the case was transferred, Davis field an amended complaint in this Court against only Dr. Alexandre. (Doc. 17). A report and recommendation to dismiss Davis's complaint against Dr. Alexandre was issued. (Doc. 23). Davis filed an objection to the report and recommendation. (Doc. 26). Thereafter, Davis amended his complaint, adding as defendants those that were previously dismissed by the Missouri court. (Doc. 29).

## II.   Law and Analysis

First, the defendants added through most recent amended complaint (Doc. 27) were named in the original complaint, and were "severed and dismissed" by the Missouri court in its order transferring the case to this Court. (Doc. 12). Thus, the claims are likely barred by the doctrine of res judicata, which insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits. See U.S. v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994); Medina v. I.N.S., 993 F.2d 499, 503 (5th Cir. 1993).

Even if the order of the Missouri court was not a final judgment implicating the doctrine of res judicata, however, Davis's claims should still be dismissed.

In the amended complaint, Davis names Defendant Carvajal as warden of USP-P. However, supervisors may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivations; or (2) they implement unconstitutional policies that causally result in the plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993). Davis's allegations do not establish that Warden Carvajal affirmatively participated in a constitutional deprivation or implemented unconstitutional policies.

Davis's claims against the United States of America and the BOP are barred by the doctrine of sovereign immunity. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 71–72 (2001).

Finally, to the extent that Davis seeks to reinstate claims against the physician and warden at a BOP facility in Missouri, the claims, to the extent they are not barred by res judicata, should be raised in that judicial district. See 28 U.S.C. § 1391.

## III. Conclusion

For the reasons stated above and in the original report and recommendation (Doc. 23), **IT IS RECOMMENDED** that Davis's complaint be **DENIED** and **DISMISSED with prejudice** under § 1915(e)(2)(b) and § 1915A, except for Davis's claims against Warden Sanders and Dr. Gapasin, which should be dismissed **without**

**prejudice,** subject to a determination by the Western District of Missouri as to whether its order was a final judgment.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this ___29th___ day of January, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge